■ SUSAN D. TASHKER, Appellant, v FRANK L. TASHKER, Respondent.—Appeal from the order of the Supreme Court, New York County (Harold Baer, J.), entered on November 26, 1986, which, *inter alia,* denoted plaintiff's motion as one for renewal and reargument and denied said motion, is dismissed as nonappealable since it is, in fact, a motion for reargument only, without costs.

Order of the Supreme Court, New York County (Harold Baer, J.), entered on October 21, 1986, which denied plaintiff's motion for temporary maintenance, interim counsel fees and expert fees and for modification of the order of priority with respect to the taking of depositions and limited the scope of defendant-husband's disclosure to financial matters occurring up to the date of the parties' October 1978 separation agreement and to the validity of the separation agreement itself, is modified on the law to the extent of deleting from the order all restrictions on the scope of defendant's disclosure, and otherwise affirmed, without costs or disbursements.

The former rule, relied upon by the Supreme Court, that where there is a separation agreement between the parties, discovery is to be limited to the issue of whether that agreement was valid at the time of its execution *(see, Milts v Milts,* 87 AD2d 779), has been substantially modified to reflect the change in the law created by the adoption of the Equitable Distribution Law. Thus, as this court explained in *Oberstein v Oberstein* (93 AD2d 374), the new statute requires that the court determine not only whether the maintenance and support provisions of the separation agreement were fair and reasonable when made, but that it was not unconscionable at the time of entry of the final judgment *(see,* Domestic Relations Law § 236 [B] [3]). In the instant situation, plaintiff wife has clearly made a sufficient factual showing to raise a sub-

stantial question concerning the fairness and conscionability of the separation agreement herein. Specifically, defendant husband admits that the agreement, which does *not* recite that the parties had the advice of independent counsel, was drawn up by his associate. He also concedes that he has acted for his wife as her attorney in a number of significant matters, and the agreement itself leaves the distinct impression that in consideration for the relinquishment of her right to support and maintenance, plaintiff was merely being given that which already belonged to her. Both plaintiff and her lawyer deny defendant's assertion that she was represented by counsel when the agreement was executed, and the financial information so far available indicates potential unfairness.

There are, additionally, other factors which the trial court, in limiting disclosure to the date of the October 1978 separation agreement, apparently failed to consider. In that regard, except as to bank accounts, the agreement did not include any express waiver of property claims by either party against the other and, therefore, the provisions of the Equitable Distribution Law may well be applicable. Moreover, plaintiff has pleaded the parties' reconciliation as a basis for abrogation of the agreement, and defendant's own answer containing a counterclaim, citing purportedly cruel and inhuman acts perpetrated on him by his wife after 1984, gives credence to her allegation. Finally, it is undisputed that the parties jointly purchased property in South Carolina some five years subsequent to the date of the separation agreement. For all the foregoing reasons, defendant's financial circumstances following the execution of the subject agreement are discoverable. Concur—Sandler, J. P., Carro, Asch, Milonas and Rosenberger, JJ.